UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL G. GARNER and CEDAR C. GARNER,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY BAKER,<br><br>Defendant. | Case No. Case No. 2:22-cv-00316-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Russell G. Garner and Cedar C. Garner Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court reviews the Garners' request to determine whether they may proceed in forma pauperis, that is, whether they may proceed without paying the filing fee or through paying the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also reviews the Garners' complaint to ensure it meets the minimum required standards.

For the reasons below, the Court GRANTS the Garners' application to proceed in forma pauperis and allows the Garners to pay the filing fee over time. The Court also DISMISSES the case WITHOUT PREJUDICE, giving the Garners an opportunity to amend their complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To proceed in forma pauperis, plaintiff must submit an affidavit listing all his assents and stating that he cannot "pay or give security for the costs" and still provide himself and dependents "with [the] necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Garners' application to proceed without prepaying fees or costs does not establish their indigence. The Garners' monthly income is $1,376, and their monthly expenses are $1,227. Dkt. 1, at 2,3. While not excessive, the Garners have $149 of discretionary income per month. Accordingly, the Court requires the Garners to pay the filing fee in $50 monthly installments.

## III. SUFFICIENCY OF COMPLAINT

The Court must screen complaints brought by litigants seeking to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's complaint should be dismissed if (1) it is frivolous or malicious; (2) it fails to state a claim upon which relief can be granted; or (3) it seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, the complaint must

include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).

During this initial screening, courts construe complaints of pro se plaintiffs generously, giving plaintiffs the benefit of the doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). However, even pro se plaintiffs must articulate their claims clearly and allege sufficient facts to support review of their claims. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, courts should allow plaintiff to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, the Garners' complaint is deficient. Under the section of the complaint where plaintiffs should describe the factual basis of their claim, the Garners provide only the following bullet points:

--Blockaded legal access, as a result blocking EMS, fire dept. plaintiffs
--Granting an easement to our neighbor on the west to cross our property

Dkt. 2, at 2. Under the section where plaintiffs should describe the legal basis of their claim, the Garners simply list three cases: *Johnson v. Gustafson*, 49 Idaho 376 (1930), *Marshall v. Blair*, 130 Idaho 675 (1997), *Abbott v. Nampa School District No. 131*, 119 Idaho 544 (1991). *Id*. Each of these cases concerns disputes about easements, and none of them involves questions of federal law. The Garners seek relief of $4,000 in lost income and $1,500 in "nuisance." *Id*.

### A. Plausible Claim for Relief

The Garners' two bullet points and citation of three cases are insufficient "to show a plausible claim for relief." *Ashcroft*, 556 U.S. at 677–78. The Garners apparently believe

that Defendant illegally created an easement on their property, but they do not explain how. Nor do they explain how the easement is related to the "blockaded legal access" mentioned in their first bullet point. Dkt. 2, at 2. The Garners' complaint should explain how an easement was created and why its creation was illegal.

### B. Subject-matter Jurisdiction

Furthermore, and more fundamentally, the complaint does not explain how the Court has subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and can hear only cases that involve a question of federal law (under 28 U.S.C. §1331) or satisfy diversity requirements (pursuant to 28 U.S.C. §1332). Federal courts also have supplemental jurisdiction ". . . over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . ." 28 U.S.C. §1367.

The question of whether an illegal easement exists is a question of state law, not federal law. *See, e.g., U.S. v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986) ("Absent controlling federal legislation or rule of law, questions involving real property rights are determined under state law."). Also, the Garners acknowledge that both they and Defendant are citizens of Idaho, so the requirements for diversity jurisdiction are not met. Therefore, it is proper for this Court to dismiss for lack of subject-matter jurisdiction.

### IV. CONCLUSION

The Garners' discretionary income is not substantial, but it is sufficient for them to pay the required fee over time. The Garners' complaint, however, does not include the necessary facts showing why they are entitled to relief, and even if it did, the complaint

INITIAL REVIEW ORDER - 4

does not show how the Court has jurisdiction. The Garners cannot proceed without amending their complaint.

## V. ORDER

1. The Garners' Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED. The Garners are not required to pay the entire fee now; however, they must pay $50 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure at any time to comply with this payment schedule will result in a dismissal of the case without further notice. The first payment is due on or before January 31, 2023.

2. The Garners' Complaint (Dkt. 2) is DISMISED WITHOUT PREJUDICE. The Court grants the Garners leave to file an Amended Complaint to cure the deficiencies mentioned above. The Garners must file their Amended Complaint within thirty (30) days of the issuance of this Order.

DATED: January 13, 2023

_____
David C. Nye
Chief U.S. District Court Judge